IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **GERALD K. PHILLIPS,** | ) | CASE NO. 1:23 CV 01152 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| **JOHNSON AND JOHNSON,** *et al.*, | ) | ORDER |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* plaintiff Gerald K. Phillips filed this civil rights action against 63 defendants, including individuals, government entities, and private companies. (Doc. No. 1). Plaintiff seeks "the award of [his] social security claim (SSDI)" and $50,000,000. The Court grants *Plaintiff's* application to proceed *in forma pauperis* (Doc. No. 2), but the Court dismisses the action for the following reasons.

## I. Background

Plaintiff's complaint consists of 263 pages of a purported chronology of the events of his life. The complaint contains incoherent passages, sentence fragments, conclusory allegations, along with seemingly random legal citations, and it is difficult to follow. Plaintiff identifies the following federal statutes as the basis for jurisdiction: 5 U.S.C. § 552 (Freedom of Information Act); 28 U.S.C. § 5001 (Civil action for death or personal injury in a place subject to exclusive jurisdiction of United States); 42 U.S.C. § 300 (Project grants and contracts for family planning services); 42 U.S.C. § 1983 (Civil action for deprivation of rights); and 42 U.S.C. § 1988 (Proceedings in vindication of civil rights). In Plaintiff's statement of claim, he asserts that the events in the complaint spanned 3 decades of "calderonization, COU, [indecipherable],

demonization of American human life." (Doc. No. 1 at 4). He identifies the following facts underlying his claims: "attempted homicide by illegal pursuit," vaccine poisoning, medical health demolished, HIPPA Act violated, "relatives snuffed out," and "all civil liberties and constitutional safetys steamlined." (*Id.* at 5). On the civil cover sheet accompanying the complaint, Plaintiff identifies the cause of action as 5 U.S.C. § 552, 28 U.S.C. § 5001, 42 U.S.C. § 300, 42 U.S.C. § 1983, and "Social Sec case." (Doc. No. 1-1). Plaintiff indicates that this action may be related to a prior civil action he filed in this district court—*Phillips v. Phillips, et. al.*, No. 1:23CV832.

The best the Court can discern, Plaintiff's complaint includes the following purported allegations: the plaintiff has not received "any justice or adherence towards his symptoms of physical torments and extreme hyper active disorders he strived with, in a childhood environment [where] his family and parents cuckheld him as a paycheck"; "a major suppression coverup took place by a group of high profiles"; "physical mental torments acts of terror, defamation of character, attempted homicide, caldering, braughtstration, cuckholdeness, cruel unusual punishment, medical liability, property garnishment, alienation of affection, extreme psychological trauma"; illegal pursuit by the Cleveland Police Department; Eighth Amendment "cruel unusual treatment by police officials"; "reckless negligent care in custody"; intimidation of a government witness; an attorney participated in "receiving kickback severance commission … to intentionally botch the custody case"; "manufactured paths of destruction and deprivation of liberty"; and medical malpractice. (Doc. No. 1-3).

## II. Standard of Review

The Court grants this *pro se* plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2). Because Plaintiff is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke,* 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

### III. Analysis

Although *pro se* pleadings are held to a less stringent standard than pleadings by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) (district courts "have no obligation to act as counsel or paralegal" to *pro se* litigants); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003) (district courts are not required to create a *pro se* litigant's claim for him or her).

Rather, the complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted). It is a basic pleading requirement that a plaintiff must attribute specific factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *Kurek v. Ohio Dep't of Dev. Disabilities*, No. 3:16CV623, 2017 U.S. Dist. LEXIS 65473, at *15-16 (N.D. Ohio Jan. 20, 2017) ("[C]onclusory allegations of collective, unspecified, and undifferentiated wrongdoing is not sufficient [as] vaguely lump[ing] all defendants together without providing any factual allegations that specify separate acts fails to satisfy the *Iqbal/Twombly* standard.") (collecting cases). And merely listing a defendant in the caption of the complaint, but raising no specific factual allegations against the defendant, is insufficient to raise a plausible claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)).

Here, Plaintiff fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Rule 8(a)(2). Rather, Plaintiff's 263-page complaint purports to be a story of his life, including the alleged wrongs that have been committed against him by several of the defendants from 1995 to present day. Plaintiff's factual allegations are vague, conclusory, and at times, illegible or incomprehensible. And they fail to connect any alleged occurrence to a specific injury or identify how a particular defendant allegedly harmed him. In addition, Plaintiff's complaint fails to assert a cognizable claim based on any recognized legal authority. Merely listing federal statutes as a basis for jurisdiction or a cause of action does not meet the federal pleading standard. This Court and the defendants are left to guess at basic elements of Plaintiff's purported claims. The complaint does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8; and, it is therefore dismissed on this basis.

Even if Plaintiff had met the minimum pleading standards of Rule 8, he fails to state a claim upon which relief may be granted. For example, Plaintiff references the Freedom of Information Act as a basis for jurisdiction and repeats the statute throughout the complaint, but he fails to provide any factual support for such a claim. To the extent he seeks relief under this statute, Plaintiff's claim lacks an arguable basis in law. The Freedom of Information Act is applicable only to federal agencies. 5 U.S.C. §551(1). Here, the named defendants do not fall within the statutory definition of a federal agency. *See* 5 U.S.C. §551(1)(A)-(H). The Freedom of Information Act therefore does not apply.

To the extent Plaintiff is seeking judicial review of a Social Security decision, this Court lacks jurisdiction. Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g), which provides that after any final decision of the Commissioner of Social Security, an individual

"may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." Two elements are required to establish federal jurisdiction to review the decisions of the Commissioner of Social Security: (1) a plaintiff must exhaust his administrative remedies, and (2) the Commissioner must issue a final decision. *See Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir.1991) (citing *Mathews v. Eldridge*, 424 U.S. 319, 327-29, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)). Neither of these requirements is evident on the face of Plaintiff's complaint.

Finally, to the extent Plaintiff raises the same claims in this action as he raised in *Phillips v. Phillips, et. al.*, No. 1:23CV832, his claims are dismissed as duplicative. *See Peoples v. Reno*, No. 00-1086, 2000 U.S. App. LEXIS 24779, 2000 WL 1477502, at *1 (6th Cir. Sept. 26, 2000) (A complaint is properly dismissed as frivolous if it is duplicative of an earlier action); *see also Cummings v. Mason*, No. 1:11-cv-649, 2011 U.S. Dist. LEXIS 75474, 2011 WL 2745937, at *1 (W.D. Mich. July 13, 2011) (holding that a "complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious").

### IV. Conclusion

For the foregoing reasons, the Court dismisses this action in its entirety under 28 U.S.C. § 1915(e)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: April 24, 2024